## STERGER v. VAN SICLEN.

(*Supreme Court, General Term, Second Department.*  December 10, 1889.)

NEGLIGENCE—DEFECTIVE PREMISES—DUTY TO REPAIR.

A landlord is not liable for personal injuries sustained by a person visiting his tenant, where it appears that the tenant had assumed the duty of repairing the defect which caused the accident, and that the landlord had paid her for it.

Appeal from circuit court, Kings county.

Action for personal injuries by Wilhelmine Sterger against J. Wyckoff Van Siclen. While visiting a tenant of defendant, as plaintiff was descending a stairway, one of the stairs broke through under her feet, and she sustained serious injuries. It appeared that a month before the accident occurred the defendant remitted a portion of the rent as payment to the tenant for repairing the defect in the stairway which caused the injury. At the close of the evidence the court ordered plaintiff's complaint dismissed, and from a judgment entered in accordance therewith she appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Roswell H. Carpenter*, (*A. H. Dailey*, of counsel,) for appellant. *A. Simis, Jr.*, for respondent.

PRATT, J. It sufficiently appears that in May previous to the accident defendant engaged the tenant to repair the defect in the stairs, and remitted two dollars from the rent of that month, to compensate the tenant for doing that work. The defect was a trifling one, and the two dollars would seem to be ample. It seems clear that, as between the tenant and those claiming under him, no action would thereafter lie against the landlord for injuries occasioned by that defect. The duty to repair seems to have been assumed by the tenant. The plaintiff was a visitor to the family of the tenant, and was injured while upon such visit. Upon this state of facts we are of opinion that the authorities in this state do not sustain the plaintiff's claim for damages. It follows that the complaint was properly dismissed, and the judgment must be affirmed. All concur.